A00A0654. LLOYD v. THE STATE.
(530 SE2d 228)

JOHNSON, Chief Judge.

Ronald Lloyd was charged with possessing cocaine found in his jacket pocket after the police stopped his car. He pled not guilty to the charge and moved to suppress the cocaine. The trial judge denied the motion, after which Lloyd was tried before the judge sitting without a jury. The trial court found Lloyd guilty of possessing cocaine. Lloyd

appeals, arguing that the trial court should have granted his motion to suppress on the ground that the stop of his car was unlawful. The argument is without merit because the officer who stopped the car had reasonable grounds for doing so.

At about 4:00 a.m. on January 7, 1999, Cobb County Police Officer Maddox stopped a vehicle, and the driver of that vehicle fled on foot. Officer Mitchell, who was also on patrol that morning, went to the scene of the stop. Officer Maddox told Officer Mitchell that the person who fled was an African-American male wearing a light blue or gray top and matching pants and that he had fled in the direction of Cumberland Lodge, a known drug and prostitution area.

At approximately 5:00 a.m., Officer Mitchell went to Cumberland Lodge and saw Lloyd standing at the back of the building. Lloyd was wearing a light blue jean top and matching light blue jean pants. Officer Mitchell yelled at Lloyd to stay where he was, but Lloyd quickly jumped into a car and tried to leave. Officer Mitchell stopped Lloyd's car and checked his driver's license and proof of insurance. Officer Mitchell discovered through a crime database that there was an outstanding warrant for Lloyd. Based on that warrant, Officer Mitchell arrested Lloyd and took him to the Cobb County Adult Detention Center. At the jail, the police found a piece of crack cocaine in Lloyd's jacket pocket.

A police officer may conduct a brief investigative stop of a vehicle if he has specific and articulable facts which give rise to a reasonable suspicion of criminal activity.[1] In the instant case, Officer Mitchell had such specific and articulable facts when he saw that Lloyd matched the description of the person who had fled from the prior traffic stop, that Lloyd was in the area where that suspect had fled,[2] and that Lloyd tried to flee when the officer asked him to stop.[3] All of these facts gave Officer Mitchell a reasonable suspicion of criminal activity that justified his stop of Lloyd's vehicle. The trial court therefore did not err in denying Lloyd's motion to suppress the cocaine discovered after the lawful stop of his car.[4]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2000.

---

[1] *Kingree v. State*, 228 Ga. App. 71, 72 (2) (491 SE2d 123) (1997).

[2] See *Shapiro v. State*, 233 Ga. App. 620, 621 (2) (504 SE2d 719) (1998).

[3] See *Lee v. State*, 270 Ga. 798, 803 (7) (514 SE2d 1) (1999) (flight is a circumstance that may give rise to an articulable suspicion of criminal activity so as to authorize a brief investigative stop).

[4] See *Redd v. State*, 229 Ga. App. 364 (494 SE2d 31) (1997); *McDaniel v. State*, 227 Ga. App. 364, 365-367 (489 SE2d 112) (1997).

*Steven A. Cook*, for appellant.
*Patrick H. Head, District Attorney, Andrew J. Saliba, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.