## A00A1385. THE STATE v. ALEXANDER.
### (538 SE2d 550)

MILLER, Judge.

Evidence of guilt which the defendant, directly or indirectly, is compelled to disclose by an unlawful search of his person under an

---

illegal arrest is not admissible in a criminal prosecution.[1] Based upon conflicting evidence, the trial court here concluded that a traffic stop and pants-down cavity search of Michael Alexander was, "[g]iven the totality of the circumstances, . . . a pretextual stop and unreasonable and an illegal search." As a result, the trial court granted Alexander's motion to suppress a pill bottle filled with crack cocaine retrieved from Alexander's rectum after a complete search incident to a custodial arrest. Pursuant to OCGA § 5-7-1 (a) (4), the State brings this direct appeal. Because the evidence adduced below, including challenges to the credibility of the arresting officers, authorized the trial court's ultimate conclusion that the initial stop was unlawful, as was the subsequent warrantless search, we affirm.

After a traffic stop, Alexander was placed under arrest for a seat belt violation and for an altered vehicle identification number on the vehicle. Yet, police observed neither of these alleged violations before the stop. Rather, they justified the stop on the ground that Alexander allegedly eluded a roadblock. Although there is evidence that Alexander made a right turn at an intersection, saw a roadblock, and attempted to elude by turning into a service station, essentially coming around 360 degrees back to the intersection and then turning in the opposite direction away from the roadblock, there is also evidence that Alexander intended to turn left all along to go to a friend's house and that there was no roadblock to evade or elude. Other matters undermining officer credibility involved a second page to the police report that was prepared in a hand not recognized by the signing officer, omissions in the police report, and officer testimony at the suppression hearing at odds with the written police report. Another inconsistency is the timing of the alleged receipt of information from another officer that Alexander carried drugs hidden in his buttocks.

The trial court resolved the issues of fact against admissibility. By virtue of this ruling, the trial court found the officers' testimony was not credible.[2] Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless they are clearly erroneous.[3] This principle of law applies equally to rulings granting a suppression motion as to those denying a suppression motion.[4] The trial court was further authorized to disbelieve the officers about the timeliness and accuracy or even the very existence of their information that Alexander habitually carried drugs on his person, even though their testimony

---

[1] *MacDougald v. State*, 124 Ga. App. 619, 620 (2) (184 SE2d 687) (1971).
[2] *Tate v. State*, 264 Ga. 53, 57 (3) (440 SE2d 646) (1994).
[3] *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974).
[4] *Tate v. State*, supra, 264 Ga. at 54 (1).

was uncontradicted by defendant.[5]

Thus, the evidence supports the legal conclusion that no reasonable suspicion of wrongdoing authorized the initial forcible detention of Alexander's vehicle. It follows that the warrantless search, including the cavity search yielding the crack cocaine, was incident to an invalid arrest in that there was no credible evidence amounting to probable cause to believe Alexander was carrying drugs on his person at that time. Fruits of an unlawful arrest may not be introduced into evidence.[6] Since the trial court's conclusion that this traffic stop was pretextual, based on its assessment of witness credibility, is supported by evidence, that conclusion is not clearly erroneous and therefore is affirmed.[7]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 24, 2000.

*Paul L. Howard, Jr., District Attorney, John R. Lovell, Christopher M. Quinn, Assistant District Attorneys*, for appellant.
*Peter J. Ross*, for appellee.

---

[5] Id. at 56 (3). Here, the evidence authorized a conclusion that this information was not communicated until after the traffic stop.
[6] *Baez v. State*, 206 Ga. App. 522, 526 (1) (425 SE2d 885) (1992), citing *Moore v. State*, 155 Ga. App. 299, 300 (3) (270 SE2d 713) (1980).
[7] *Tate v. State*, supra, 264 Ga. at 57 (3).
[1] *Bohannon v. State*, 208 Ga. App. 576 (1) (431 SE2d 149) (1993).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] OCGA § 24-4-8.