A06A1910. DOYLE v. THE STATE.
(636 SE2d 751)

BLACKBURN, Presiding Judge.

Following a bench trial, Robert Doyle was convicted of both driving under the influence of alcohol to the extent he was a less safe driver[1] and per se driving under the influence of alcohol.[2] He appeals, arguing that the trial court erred (i) in denying his motion to suppress the results of field sobriety tests and (ii) in admitting the results of the state-administered chemical test without first proving his consent. For the reasons set forth below, we affirm.

When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous.

[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-391 (a) (5).

(Punctuation omitted.) *Turner v. State*.[3] Furthermore, "since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them." *Morgan v. State*.[4] "The trial court's application of the law to the undisputed facts is subject to de novo review." (Punctuation omitted.) *Buchnowski v. State*.[5]

So construed, the evidence demonstrates that one night in December 2004, a Hall County deputy pulled Doyle over for speeding. Upon approaching Doyle's vehicle to request that he produce his license and proof of insurance, the deputy detected the odor of an alcoholic beverage. Consequently, the deputy asked Doyle to exit his vehicle, and as he did so, the deputy noticed that Doyle's eyes appeared watery and bloodshot. The deputy then asked Doyle if he had consumed any alcoholic beverages that night, and Doyle replied that he had.

Based on these factors, the deputy requested that Doyle submit to the horizontal gaze nystagmus (HGN) and alco-sensor field sobriety tests. Doyle complied, and the results of both tests, as well as the deputy's training and experience, led the deputy to conclude that Doyle was under the influence of alcohol. Doyle was arrested, and the deputy read to him the implied consent notice required by OCGA § 40-5-67.1. The deputy then asked Doyle if he would consent to the state-administered chemical test, and Doyle responded that he would. He was subsequently transported to the Hall County detention center to be tested, and the test indicated that Doyle's blood-alcohol level exceeded the legal limit. After a bench trial, Doyle was found guilty of driving under the influence to the extent he was less safe and of driving under the influence per se. This appeal followed.

1. Doyle contends that the trial court erred in denying his motion to suppress the results of the field sobriety tests, arguing that the deputy's traffic stop, preliminary questioning, and testing amounted to custodial interrogation, and therefore the deputy was required to advise him of his rights under *Miranda v. Arizona*.[6] We disagree.

"[U]nder Georgia law *Miranda* warnings must precede a request to perform a field sobriety test only when the suspect is 'in custody.'" *Price v. State*.[7] See *Loden v. State*;[8] *Hennings v. State*;[9] *State v.*

---

[3] *Turner v. State*, 233 Ga. App. 413 (1) (504 SE2d 229) (1998).

[4] *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

[5] *Buchnowski v. State*, 233 Ga. App. 766, 767 (1) (505 SE2d 263) (1998).

[6] *Miranda v. Arizona*, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966).

[7] *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998).

[8] *Loden v. State*, 271 Ga. App. 632, 633 (610 SE2d 593) (2005).

[9] *Hennings v. State*, 236 Ga. App. 473, 475 (2) (512 SE2d 357) (1999).

*O'Donnell*;[10] see also *Keenan v. State*[11] (when defendant not in custody, request to take alco-sensor test need not be preceded by *Miranda* warnings). "The test of 'in custody' is whether a reasonable person in the suspect's position would have thought that the detention would not be temporary." (Punctuation omitted.) *Price*, supra, 269 Ga. at 225 (3).

Doyle contends that because his license was taken by the deputy and because he was not immediately free to leave, he was in custody. This argument, however, was rejected in *Hennings*, supra. In that case, in response to defendant's argument that evidence from the traffic stop should be excluded because her *Miranda* rights were not read, this Court held that "there is no authority for the proposition that merely taking a driver's license and proof of insurance would, alone, cause a reasonable person to believe that he was not free to leave." Id. at 475 (2). Indeed, the authority is to the contrary. See, e.g., id.; *State v. Kirbabas*;[12] *Morrissette v. State*.[13]

Here, as in *Hennings*, Doyle's license and proof of insurance were taken by the deputy as part of the initial traffic stop. Under such circumstances, a reasonable person would conclude that the detention was only temporary and not the equivalent of a formal arrest. See *Hennings*, supra, 236 Ga. App. at 475 (2); *Turner*, supra, 233 Ga. App. at 416 (1) (a). Doyle was not arrested until after he performed the field sobriety tests, and thus his *Miranda* rights were not triggered prior to those tests. Accordingly, the trial court did not err in denying his motion to suppress.

2. Doyle contends that the trial court erred in admitting the results of the state-administered chemical test because the State was unable to prove that he consented to the test. This contention is without merit.

Although he could not recall Doyle's specific words, the deputy who arrested Doyle testified that after reading Doyle the implied consent notice pursuant to OCGA § 40-6-392 and asking him whether he would consent to chemical testing, Doyle responded affirmatively. Thus, evidence existed in support of the trial court's finding that Doyle consented to the state-administered test. See *Morgan*, supra, 195 Ga. App. at 735 (3).

Moreover, "[t]he State did not have to show [Doyle's] consent. The State had only to show that, after being advised of [his] rights pursuant to OCGA § 40-6-392, [Doyle] did not refuse to submit to the

---

[10] *State v. O'Donnell*, 225 Ga. App. 502, 504 (2) (484 SE2d 313) (1997).

[11] *Keenan v. State*, 263 Ga. 569, 571 (2) (436 SE2d 475) (1993).

[12] *State v. Kirbabas*, 232 Ga. App. 474, 475-476 (502 SE2d 314) (1998).

[13] *Morrissette v. State*, 229 Ga. App. 420, 421-422 (1) (a) (494 SE2d 8) (1997).

State-administered test." *Wadsworth v. State.*[14] Given that Doyle, in fact, took the test, he obviously did not refuse to submit to it. Id. Accordingly, the trial court did not err in admitting the results of the state-administered chemical test.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 18, 2006.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III,* for appellant.
*Larry A. Baldwin II, Solicitor-General, Craig J. Pake, Assistant Solicitor-General,* for appellee.

---

[14] *Wadsworth v. State,* 209 Ga. App. 333, 334 (2) (433 SE2d 419) (1993).