A06A2286. AMIN v. THE STATE.

(643 SE2d 4)

JOHNSON, Presiding Judge.

Following a bench trial, Nikish Amin was convicted of both driving under the influence of alcohol to the extent he was a less safe driver and per se driving under the influence of alcohol. Amin appeals, alleging the trial court erred in denying his motions to suppress. We find no error and affirm his convictions.

When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous.[1]

So construed, the record shows that on September 11, 2005 at approximately 3:30 a.m. an officer on patrol "observed some auto parts laying about in the parking area . . . and . . . saw a large puddle of oil and then a line of oil leading up to the vehicle." The officer stopped behind the vehicle, got out, and saw several people in the parking lot area. He asked the people in the parking area if they knew what happened and who was driving the vehicle. One of the persons gave the officer a description of the individual who was driving the vehicle and told the officer that the individual had just entered the McDonald's area of the Shell gas station.

The officer entered McDonald's. Amin was the only customer present, and he matched the description given to the officer. The officer asked Amin if he was the driver of the vehicle. At this point, the officer noticed that Amin's "eyes were glazed over, bloodshot, and he smelled of an odor of alcoholic beverage." When Amin did not respond, the officer asked him for his driver's license and asked him to step outside, which he did. According to the officer, he asked Amin to step

---

[1] (Citation and punctuation omitted.) *Doyle v. State*, 281 Ga. App. 592 (636 SE2d 751) (2006).

outside so that he could talk to him in front of the vehicle and make sure that the two were talking about the same vehicle and so the witness could identify him. Once they were outside, the officer pointed to the vehicle and asked Amin again if he was the driver. Amin stared at the officer, and after a long pause responded, "no." The officer then told Amin that he believed Amin was driving the vehicle and that he believed the tag would show that the vehicle belonged to Amin or someone he knew. The officer asked Amin to "just be honest with me." The officer also told Amin he had a witness who saw him driving the vehicle. The officer testified that this statement was a technique to get the defendant to realize it was a serious situation. Amin then told the officer he was driving the vehicle.

After Amin admitted to driving the vehicle, the officer asked him if he had ever taken field sobriety tests before, to which Amin first said yes, then said no. The officer then administered the horizontal gaze nystagmus, nine-step walk and turn, one-leg stand, and alcosensor tests. Amin was immediately arrested after the field sobriety tests and read the implied consent form. The officer transported him to the police department, where he was given the state-administered chemical test of his breath on the Intoxilyzer 5000.

1. Although Amin's argument on appeal is not entirely clear, he apparently contends that the trial court erred in denying his motion to suppress the statement he made at the scene and his field sobriety evaluations because his detention was illegal. Specifically, he argues that he was under arrest when the officer informed him of the presence of witnesses and that, at that time, there was no probable cause to place him under arrest. Amin claims that since his arrest lacked probable cause and was unlawful, the fruits of the unlawful arrest may not be introduced into evidence.[2] We agree with Amin that a police officer must have sufficient probable cause to conduct an arrest for driving under the influence of alcohol and that the moment of Amin's arrest, or detention equating to a formal arrest, would determine if sufficient probable cause existed at that time to support an arrest. However, we disagree with Amin's conclusion that he was under arrest when the officer told him he had a witness who saw Amin driving the vehicle.

The test of "in custody" is whether a reasonable person in the suspect's position would have thought that the detention would not be temporary.[3] A reasonable person is defined as one neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the

---

[2] See *State v. Alexander*, 245 Ga. App. 666, 668 (538 SE2d 550) (2000).

[3] *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998).

seriousness of the circumstances.[4] Amin contends he was in custody because his license was taken and he was told he could not answer a cell phone call. However, there is no authority for the proposition that merely taking a driver's license or asking a suspect to refrain from talking on a cell phone during an investigatory detention would cause a reasonable person to believe that he was not free to leave.[5] Amin further contends he was in custody because he was asked to step outside the restaurant and again asked whether he was driving the vehicle to which the officer pointed. Once again, these factors would not cause a reasonable person to believe he was not free to leave.

According to Amin, at this point the officer became more confrontational by telling Amin that he believed Amin was driving the vehicle and elevated the accusatory level by telling Amin that when he ran the tag on the vehicle it would come back registered to Amin or someone he knew. The officer asked Amin to be honest with him and then told Amin that a witness saw Amin driving the vehicle. Even these factors, however, do not constitute a detention of Amin to the extent that it equated to a formal arrest prior to starting the standardized field sobriety tests.

> A person is not in a state of custody merely because he is a prime suspect at the time he is interrogated by the police or their agent. Even if the police have probable cause to arrest at the time of the interview and secretly intend to charge the suspect at some future time, such facts are immaterial to a determination of whether the suspect was in custody at the time of the interview, except when and to what extent the police communicate their future intent to arrest during the course of the interview.[6]

The officer in the present case was investigating whether Amin was driving the vehicle, and, while Amin certainly knew he was driving the vehicle while under the influence of alcohol, a reasonable person would not believe he would be arrested for merely driving a vehicle. "The 'reasonable person' in this situation does not mean a person with a guilty conscience who knows as soon as they see the blue light that they will be arrested for matters known to them, but which are not as yet known to the police."[7] Although Amin may have known he was

---

[4] *Turner v. State*, 233 Ga. App. 413, 415 (1) (a) (504 SE2d 229) (1998).

[5] See *Doyle*, supra at 594 (1).

[6] (Citations and punctuation omitted.) *Thompson v. State*, 234 Ga. App. 74, 75-76 (1) (a) (506 SE2d 201) (1998).

[7] (Citation and punctuation omitted.) *Johnson v. State*, 234 Ga. App. 116, 119 (2) (506 SE2d 234) (1998).

subject to arrest for driving the vehicle while under the influence of alcohol, the officer did not know this when he began his investigation regarding the automobile parts and oil on the curb and trailing to the vehicle. We conclude, as did the trial court, that a reasonable person under these circumstances would not have believed his freedom of action had been more than temporarily curtailed by the investigation. Contrary to Amin's argument, he was not in custody or arrested until after he performed the field sobriety tests, at which point the officer had probable cause for the arrest and read Amin his implied consent rights. The trial court correctly denied Amin's motion to suppress on this ground.

2. Amin contends the trial court erred in denying his motion to suppress the results of the field sobriety evaluations because he was in custody and compelled to give evidence against himself without being first advised of his *Miranda* rights. This claim lacks merit. As we found in Division 1, Amin was not in custody prior to the field sobriety evaluations.

> A detained individual is not under arrest simply because, by leaving, he could be arrested for violating state law. Nor is he under arrest because an officer has discovered the commission of a traffic offense for which he could be arrested. The safeguards prescribed by *Miranda* become applicable only after a detainee's freedom of action is curtailed to a degree associated with formal arrest.[8]

A reasonable person in Amin's position, with no criminal guilt, would not believe he was under arrest or not free to perform the tests. And, "[u]nder Georgia law, *Miranda* warnings must precede a request to perform a field sobriety test only when the suspect is 'in custody.' "[9] The trial court correctly denied Amin's motion to suppress on this ground.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 1, 2007.

*Scott A. Holt*, for appellant.

*Leslie Miller-Terry, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellee.

---

[8] *Smith v. State*, 236 Ga. App. 548, 550 (2) (512 SE2d 19) (1999), rev'd on other grounds, 272 Ga. 83 (526 SE2d 59) (2000).

[9] (Citation omitted.) *State v. Foster*, 255 Ga. App. 704, 705 (566 SE2d 418) (2002).