## A98A0238. STEWART v. THE STATE.

(496 SE2d 329)

Judge Harold R. Banke.

Jeffrey L. Stewart was convicted of possession of cocaine with intent to distribute, possession of cocaine, and a recidivism count.[1] In his sole enumeration, he challenges the sufficiency of the evidence on the distribution charge.

This case arose after a Metro Drug Task Force deputy surveilling an area behind a grocery observed Stewart exchanging small objects stored in a matchbox for cash. Stewart kept the matchbox on top of a nearby dumpster, rather than on his person. After witnessing about five such transactions, the deputy radioed for backup officers to arrest Stewart. Just as they arrived, however, Stewart walked into the store, and the officers stopped another individual who coincidentally matched Stewart's description. When the officers realized their error, they performed a pat-down search on Stewart, but found nothing. Stewart then returned to his post behind the grocery and conducted several more transactions. At that point, the officers reemerged and arrested Stewart, who had $445 in his pocket. Just prior to the arrest, the deputy observed Stewart remove an object from the matchbox, place the matchbox on a pole, and give the object to an individual standing nearby. After noticing the proximity of the officers, that individual tossed the object he had just purchased and a crack pipe into a nearby dumpster. The deputy found 3.4 grams of cocaine in the matchbox and a rock of cocaine and the pipe in the dumpster. *Held*:

The evidence, viewed in the light most favorable to the verdict, was sufficient to permit the trier of fact to find all the essential elements of the crimes of possession of cocaine with intent to distribute and possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The deputy's observations of Stewart exchanging the objects contained in the matchbox (which later tested positive for cocaine) for currency provided direct proof of the offenses. *Lester v. State*, 226 Ga. App. 373, 377 (2) (487 SE2d 25) (1997). This evidence undermines Stewart's contention that the State built its case solely on circumstantial evidence. The amount of currency found on Stewart's person provided additional evidence of Stewart's intent to distribute. Compare *McNair v. State*, 226 Ga. App. 516, 518 (1) (487 SE2d 100) (1997). The evidence was clearly sufficient to present a question for the factfinder.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

---

[1] The possession charge merged with the distribution charge for sentencing purposes.

DECIDED JANUARY 23, 1998.

*William H. Newton III*, for appellant.
*Tambra P. Colston, District Attorney, Lisa W. Tarvin, Assistant District Attorney*, for appellee.