## A00A0394. PATTERSON v. THE STATE.
(535 SE2d 269)

SMITH, Judge.

Travis Montoya Patterson was convicted of possession of cocaine, misdemeanor obstruction of an officer, and misdemeanor possession of marijuana. On appeal, Patterson asserts two errors, both of which contest the sufficiency of the evidence. Having reviewed the record, we find no merit to either claim, and we affirm.

On appeal, the evidence must be viewed in a light most favorable

---

to the verdict, and Patterson no longer enjoys the presumption of innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). The evidence, when viewed in that manner, established that after receiving numerous complaints of drug activity occurring behind a business, Speed's Game Room, police began conducting surveillance. Shortly after midnight, investigators observed four males gather under a streetlight and participate in an apparent drug transaction. Sergeant J. D. Yeager, who overheard part of the conversation among these individuals, testified that after co-defendant Moore asked Patterson for a "twenty," Patterson reached into his pocket and handed something to Moore. When Investigator Ivan Davis saw Patterson reach into his pocket and extract something, he and his fellow officers quickly emerged from behind some bushes and trees and displaying their badges, they yelled, "Police, stop." The group instead immediately dispersed in multiple directions. Despite Davis's command to stop, Patterson ran right past him. Davis testified that Patterson looked at him for a brief second then ran.

Officer Todd Pitchford, in uniform and wearing a reflective vest lettered "Police," chased Patterson, lagging 10-15 feet behind him. Pitchford saw Patterson reach into his left coat pocket and toss away several bags containing a "sparkly" white powder. Pitchford elected to guard the suspected contraband rather than to continue in pursuit. Pitchford found several bags of the white powder on the ground and "numerous" bags in the bushes nearby. Davis testified that in his opinion, this cocaine, packaged in small individual bags, was intended "for either distribution or sale."

Investigator Louis Ortiz caught up with Patterson as he crossed a road. While searching Patterson incident to his arrest, police found a small amount of marijuana in Patterson's coat pocket, two beepers, and $73 in cash. On the ground next to Patterson's co-defendant, Moore, police discovered additional cocaine.

1. Patterson contends the evidence was insufficient to sustain his conviction for possession of cocaine.

The State's evidence showed that Patterson directly participated in a drug exchange and then discarded packets of cocaine while being pursued immediately thereafter by police. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to authorize a finding beyond a reasonable doubt that Patterson possessed cocaine. *Lester v. State*, 226 Ga. App. 373, 377 (3) (487 SE2d 25) (1997); see *Stewart v. State*, 230 Ga. App. 325 (496 SE2d 329) (1998); *Lewis v. State*, 186 Ga. App. 349, 350-351 (1) (a) (367 SE2d 123) (1988).

2. Patterson contends the evidence was insufficient to sustain his conviction for misdemeanor obstruction of an officer. Although conceding that he fled, Patterson testified that he did not realize the

men pursuing him were police officers and that he ran because he was afraid. Patterson denied hearing anyone yell, "Police," or order him to stop.

Misdemeanor obstruction consists of knowingly and wilfully obstructing or hindering any law enforcement officer in the lawful discharge of his duties. OCGA § 16-10-24 (a); see generally *Tankersley v. State*, 155 Ga. App. 917, 919 (4) (A) (273 SE2d 862) (1980). "Flight after a lawful command to halt constitutes obstruction of an officer. [Cit.]" *Sprinkles v. State*, 227 Ga. App. 112, 113 (1) (488 SE2d 492) (1997).

Davis testified that after the officers identified themselves and after he expressly commanded Patterson to stop, Patterson looked directly at him before running away. Pitchford, separated by a mere 10-15 feet from Patterson, was in full uniform and wearing a police reflective vest while chasing Patterson. A rational trier of fact could have found the essential elements of this crime beyond a reasonable doubt. See *Tankersley*, supra; *Dixon v. State*, 154 Ga. App. 828, 829 (4) (269 SE2d 909) (1988).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 26, 2000.

*Ronald L. Beckstrom*, for appellant.

*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.