## A05A1486. DUKES v. THE STATE.
(622 SE2d 587)

MIKELL, Judge.

Michael Dukes was tried by a jury for possession of marijuana with intent to distribute, loitering and prowling, and obstruction of an officer. The jury acquitted him of the felony drug charge but found him guilty of the two misdemeanors. Dukes appeals his convictions, arguing that the evidence is insufficient to support them. We disagree and affirm.

> On appeal, we review the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some competent evidence to support each fact necessary for the state's case, the jury's verdict will be upheld.[1]

Properly viewed, the evidence shows that on April 26, 2000, members of the Chatham County Counter Narcotics Reaction Team proceeded to a known drug area in Savannah in response to complaints of drug activity. Officer John Stephens testified that he drove a team of four or five agents in a sixteen-passenger van. They saw a man, later identified as Dukes, crouching in some bushes. Dukes's back was to the agents. Stephens stopped the van, and team members approached Dukes. According to Stephens, Dukes turned, saw the agents, and started running away. The agents were wearing blue vests with five-inch glowing yellow letters that spelled "POLICE." Also, they were wearing badges around their necks and gun belts.

Stephens parked the van while the other agents chased after Dukes. Another agent who was riding in the van, Lt. Jonathan Hagan, testified that he identified himself to Dukes as a police officer and advised him to stop. According to Hagan, Dukes kept running and jumped a fence before Hagan was able to apprehend him.

Meanwhile, Stephens went to the bushes where he first saw Dukes and found a plastic bag containing 31 small baggies of marijuana on the ground. Stephens relayed this information to the other agents, and Hagan arrested Dukes.

Dukes testified that he saw two armed, masked men exit the unmarked van and that he panicked and ran because he had been shot in that area before. He said he did not see any police vests.

1. "Misdemeanor obstruction consists of knowingly and wilfully obstructing or hindering any law enforcement officer in the lawful

---

[1] (Footnotes omitted.) *Grooms v. State*, 269 Ga. App. 766, 767 (605 SE2d 399) (2004).

discharge of his duties. OCGA § 16-10-24 (a). Flight after a lawful command to halt constitutes obstruction of an officer."[2] There is evidence in the case at bar that Dukes fled after agents who were investigating suspicious drug activity lawfully commanded him to halt. This evidence is sufficient for any rational trier of fact to find him guilty beyond a reasonable doubt of misdemeanor obstruction.[3]

2. Dukes contends that the evidence was insufficient to support his conviction for loitering because the state failed to prove that he had been afforded an opportunity to "explain his presence and conduct" prior to being arrested, as required by OCGA § 16-11-36 (b). We disagree.

OCGA § 16-11-36 (a) defines "loitering or prowling" as being "in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Subsection (b) of that Code section provides in relevant part:

> Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer . . . or manifestly endeavors to conceal . . . any object. Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern . . . by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.[4]

Here, the evidence shows that Dukes fled after agents saw him manipulating something in the bushes. Dukes claims that his testimony established a reasonable explanation for his actions. However, the jury was not required to accept it. "Resolving conflicts in the

---

[2] (Citations and punctuation omitted.) *Patterson v. State*, 244 Ga. App. 222, 224 (2) (535 SE2d 269) (2000). Compare *Porter v. State*, 224 Ga. App. 276, 280 (2) (480 SE2d 291) (1997) (fleeing alone, absent a command to halt, is an insufficient basis for obstruction).

[3] *Patterson*, supra. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] OCGA § 16-11-36 (b).

testimony of witnesses and weighing the evidence are functions for the jury."[5] Given Dukes's flight and his furtive behavior in a known drug area, the arresting officer "might well have considered the circumstances impracticable for seeking an explanation from [Dukes] concerning his presence and conduct."[6] Moreover, the jury was entitled to conclude that Dukes's behavior was not usual for law-abiding individuals under circumstances that warranted reasonable alarm. The evidence was sufficient for any rational trier of fact to find him guilty of loitering beyond a reasonable doubt.[7]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 8, 2005.

*Robert German, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.

---

[5] (Footnote omitted.) *Grooms*, supra.

[6] (Footnote omitted.) *O'Hara v. State*, 241 Ga. App. 855, 857 (1) (528 SE2d 296) (2000).

[7] *Jackson v. Virginia*, supra.