A06A0687. IN THE INTEREST OF M. P., a child.
(631 SE2d 383)

MILLER, Judge.

The Juvenile Court of Glynn County adjudicated M. P., age 16, delinquent for acts that, if committed by an adult, would have constituted misdemeanor obstruction of a law enforcement officer. M. P. appeals, claiming that the officer was not engaged in the lawful discharge of his official duties and was outside his jurisdiction when M. P. ran from him. We find no error and affirm.

In considering an appeal from an adjudication of delinquency, we view the evidence in the light most favorable to the prosecution to determine if a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. *In the Interest of D. S.*, 239 Ga. App. 608 (521 SE2d 661) (1999). The evidence is considered under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings. *In the Interest of J. D.*, 243 Ga. App. 644 (534 SE2d 112) (2000).

So viewed, the record shows that the principal of Brunswick High School directed Clifford Partridge, a Brunswick High School resource officer certified by the Georgia Peace Officer Standards and Training Council, to be on the lookout for M. P. and R. J., who were skipping school and thought to be planning an after-school fight. Officer Scott, who was another Brunswick High School resource officer, informed Officer Partridge that M. P. and R. J. had run from him and were hiding behind a house adjacent to the school parking lot.

Officer Partridge went to that location and saw M. P. and R. J. emerge from the back of the house. Officer Partridge identified himself and told the boys to stop so that he could return them to school. However, both boys ran from Officer Partridge. M. P. was not apprehended by Officer Partridge, but he was subsequently charged with the misdemeanor offense of obstruction of a law enforcement officer and adjudicated delinquent.

1. M. P. claims that he was not delinquent for running from Officer Partridge because Officer Partridge was not engaged in the lawful discharge of his official duties when M. P. ran from him. We disagree.

OCGA § 16-10-24 (a) provides that a person who "knowingly and willfully obstructs or hinders any law enforcement officer *in the lawful discharge of his official duties* is guilty of a misdemeanor." (Emphasis supplied.) It is well established that children attending public schools may lawfully be subjected to school rules and regulations that go beyond what may be required of citizens in general.

> The law recognizes that students through the secondary school grades do not have the maturity of the adult citizen. To the end that they may be formed and educated, they are subject to the control of others in various circumstances. The citizen on the street is subject only to the restraints of the criminal law; but the student in school is subject additionally to all reasonable school rules and regulations. The administrators to whom we accord the right to make such rules and regulations must be allowed to enforce them. [Cit.]

*State v. Young*, 234 Ga. 488, 495 (2) (216 SE2d 586) (1975).

As a result, the principal of Brunswick High School was authorized to direct Officer Partridge to be on the lookout for M. P., as he was skipping class and suspected of being involved in a planned after-school fight, both of which were in violation of school rules. Similarly, Officer Partridge was engaged in the lawful discharge of his official duties when he sought to find and detain M. P. at the principal's request. See generally *Young*, supra.

2. M. P. contends that even if Officer Partridge was engaged in the lawful discharge of his official duties, he was outside his jurisdiction at the time M. P. ran from him. We disagree.

OCGA § 20-8-5 (a) provides that

> school security personnel employed by the board of education of a county . . . who are certified pursuant to [the Georgia Peace Officer Standards and Training Council] and who are authorized by the board of education of that county . . . shall have the same law enforcement powers on school property, including the power of arrest, as law enforcement officers of that respective county or municipality.

OCGA § 20-2-1180 (a) clarifies that the principal or designee of a public school may exert his or her control within the entire school safety zone, which is defined in OCGA § 16-11-127.1 (a) (1) as "in, on, or within 1,000 feet of any real property owned by . . . any public or private . . . secondary school. . . ."

Although Officer Partridge was unable to confirm that he remained within 1,000 feet of school property during the entire period in which he approached and gave chase to M. P., he was on school property at the time that Officer Scott told him that M. P. and R. J. had run from him and were hiding behind the house adjacent to the school parking lot. As a result, M. P. and R. J. could be pursued as suspected of hindering an officer in the lawful discharge of his duties in violation of OCGA § 16-10-24. *Dukes v. State*, 275 Ga. App. 442, 443 (1) (622 SE2d 587) (2005) ("Flight after a lawful command to halt constitutes obstruction of an officer.") (punctuation and footnote omitted).

Therefore, even if Officer Partridge left his jurisdiction in his attempt to detain M. P. and return him to school, he did so in hot pursuit of a suspected offender of OCGA § 16-10-24. As an officer certified pursuant to the Georgia Peace Officer Standards and Training Council, Officer Partridge was entitled to leave his jurisdiction to detain M. P. See *Hastings v. State*, 211 Ga. App. 873, 874 (1) (441 SE2d 83) (1994) (authority to arrest extends beyond jurisdiction where officer in hot pursuit of suspect); see also *State v. Durr*, 274 Ga. App.

438, 442 (2) (b) (618 SE2d 117) (2005) (physical precedent only) (campus police officer entitled to follow car beyond jurisdiction of campus where driver was suspected to be in violation of traffic laws). As a result, M. P.'s claim that Officer Partridge was outside his jurisdiction is without merit.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 13, 2006 —
RECONSIDERATION DENIED MAY 12, 2006 — 

*Michael C. Taylor, Sherri J. Jefferson, Grayson P. Lane*, for appellant.

*Stephen D. Kelley, District Attorney, W. Franklin Aspinwall, Jr., Assistant District Attorney*, for appellee.

*Buddy M. Mears*, amicus curiae.