### A09A0509. WRIGHT v. THE STATE.
(678 SE2d 506)

PHIPPS, Judge.

We granted Marlon Wright's application for discretionary appeal of a probation revocation order entered by the Superior Court of Effingham County. Wright challenges the sufficiency of the evidence to support the revocation on the grounds alleged in the petition.

YALE LAW LIBRARY

Upon consideration, we agree that the evidence is insufficient and reverse.

### Wright's Criminal History

In January 2002, Wright pled guilty to various criminal charges, including possession of cocaine and of marijuana with intent to distribute and, under the First Offender Act, the Superior Court of Effingham County gave him a ten-year probated sentence.

In July 2002, the superior court found that Wright had violated various conditions of his probation, including testing positive for marijuana during a drug screen, and remanded him to a diversion center for a minimum of 120 days followed by a return to active probation supervision.

In October 2002, the court found that Wright had again violated conditions of his probation by failing to abide by rules of the diversion center, and the court remanded him to a detention center for 120 to 180 days followed again by a return to active probation supervision.

In August 2003, the court ordered Wright to serve five days in jail followed by a return to probation, based on other violations of probation conditions by, among other things, using alcohol.

Following other probation violations by Wright, including marijuana use, the court in February 2004 revoked his first offender treatment and ordered him to enroll in a residential/inpatient alcohol/drug treatment program.

Because Wright failed to comply with treatment program directives, the court in June 2004, on a petition by his probation officer to modify or revoke his probation, remanded him to a detention center for 180 to 240 days to then return to intensive probation supervision.

In April 2005, the court, on another petition for probation modification or revocation, revoked Wright's probation and ordered him to serve two years in prison followed by a return to probation supervision, because he had failed to enroll in drug/alcohol counseling, among other things.

In June 2007, the court, on yet another petition by Wright's probation officer to revoke or modify his probation, remanded Wright to a detention center for 240 to 360 days, because he had been arrested and charged with possession of cocaine with intent to distribute and other criminal offenses.

### Proceedings Below

In June 2008, Wright's probation officer filed the instant petition to revoke or modify Wright's probation, on grounds that he had

violated conditions of his probation by selling cocaine and marijuana earlier in 2008.

At Wright's probation revocation/modification hearing, Effingham County Sheriff's Department Detective Mark Cartwright testified that on March 29, 2008, he and a group of plainclothes drug investigators drove to a restaurant for lunch when they observed two males talking on cell phones in the parking lot. While eating lunch, Cartwright observed Wright and another male drive into the parking lot. Cartwright, who was familiar with Wright as a "known drug dealer"[1] in Effingham County, saw the two males who had been talking on the cell phones make a "bee-line[ ]" to Wright with money in hand. Cartwright observed Wright appear to take something out of his pocket, cup it in his hand, and usher all of the men into another restaurant. The two men who had been talking on the cell phones remained in the restaurant for a matter of seconds, then exited at a brisk pace with nothing in their hands and departed the premises on foot. Cartwright and other of the plainclothes officers followed those two men to a nearby road, and then stopped them and identified themselves as law enforcement officers. After one of the men, named Bolen, began acting in such a way as to make Cartwright fear for officer safety, Bolen and the other man, named Thomas, were taken into custody and patted down. Two pieces of crack cocaine were found in Bolen's possession, and a small amount of marijuana was found in Thomas's possession.

At the hearing below, Cartwright testified that Thomas and Bolen immediately told him that they had gotten the drugs from Wright and his cohort at the restaurant. Defense counsel thereupon raised a hearsay objection. After the prosecuting attorney responded that the testimony was being introduced to explain why Wright was later stopped and not for the truth of the matter, the court overruled the objection. Cartwright then testified that after another officer apprehended Wright and his cohort, Herbert Williams, Cartwright took Thomas and Bolen back to the scene where they identified Wright and Williams as the drug sellers.

Cartwright later testified that he had listened to an audio recording of a conversation between Wright and Williams in a patrol car after their arrest, in which Wright tried to coax Williams into eating crack cocaine he still had in his possession. The court, however, sustained defense counsel's hearsay objection to that testimony. And after Cartwright testified that Williams told him that

---

[1] The fact that Wright was a known drug dealer in the county may or may not have been admissible to explain the officer's conduct, but was not admissible as substantive proof of Wright's guilt. See *Osborne v. State*, 193 Ga. App. 276, 277 (3) (387 SE2d 383) (1989).

Wright had given him the cocaine, the court sustained a hearsay objection to that testimony also.

At the conclusion of the hearing, defense counsel and the prosecuting attorney presented arguments as to the sufficiency of the evidence to show that Wright participated in the sale of the drugs to Bolen and Thomas. The court announced that it had been presented with sufficient evidence to show that Wright had violated conditions of his probation, observing that there "appear[ed] to be to the court some sort of illegal activity that was taking place on that particular day," and the court ordered the attorneys to move forward with the matter of case disposition. The court later entered an order finding that Wright had committed the probation violations alleged in the petition, and the court revoked part of his probation by remanding him to a detention center for 240 to 360 days.

## Appeal

"A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged."[2] Accordingly, revocation of probation must be based on grounds stated in the petition.[3] And in probation revocation proceedings, the preponderance of the evidence standard applies.[4] Therefore, "the quantum of proof sufficient to justify a revocation of probation is less than that required to sustain conviction in the first instance. Thus, in such proceeding it is unnecessary that the evidence support the findings beyond a reasonable doubt."[5] And "[t]his court will not interfere with a probation revocation, where the standard for finding a violation is a preponderance of the evidence, unless a trial court has manifestly abused its discretion."[6] "If admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm."[7]

Here, we are constrained to reverse. Shorn of hearsay testimony, as well as nonprobative character evidence,[8] the only admissible evidence of Wright's commission of the crimes of sale of cocaine and sale of marijuana on March 29, 2008, was that a drug investigator observed Wright take something out of his pocket and give it to two

[2] OCGA § 42-8-34.1 (b).

[3] *Radcliff v. State*, 134 Ga. App. 244 (214 SE2d 179) (1975), and cits.

[4] *Lewis v. Sims*, 277 Ga. 240 (587 SE2d 646) (2003).

[5] *Dugger v. State*, 260 Ga. App. 843, 848 (581 SE2d 655) (2003) (footnote omitted).

[6] *Cannon v. State*, 260 Ga. App. 15, 16 (579 SE2d 60) (2003) (footnotes omitted).

[7] *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004) (citations omitted).

[8] See note 1, supra.

men in exchange for money, and then took the two men into custody and found cocaine and marijuana in their possession. Although Wright and his cohort were also taken into policy custody, no evidence was given as to any money or drugs in their possession. This evidence is insufficient to render it more probable than not that Wright sold the two men the cocaine and marijuana found in their possession.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 13, 2009.

*Craig S. Bonnell*, for appellant.
*Richard A. Mallard, District Attorney, Brian A. Deal, Assistant District Attorney*, for appellee.