## A11A1439. HUBBARD v. THE STATE.
### (716 SE2d 777)

McFADDEN, Judge.

After a bench trial, Seneca Hubbard was convicted of possession of cocaine and loitering. He appeals, challenging the denial of his

---

motion to suppress based on the absence of probable cause to arrest and the sufficiency of the evidence as to the loitering conviction. Because the record reveals that there was probable cause for Hubbard's arrest and that there is enough evidence from which a rational trier of fact could have found Hubbard guilty beyond a reasonable doubt of loitering, we affirm.

1. On appellate review of a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence. *Daniels v. State*, 298 Ga. App. 736 (681 SE2d 642) (2009). This court does not weigh the evidence or judge the credibility of witnesses, but determines only if the evidence was sufficient for a rational trier of fact to have found the appellant guilty of the offense charged beyond a reasonable doubt. Id.

So viewed, the evidence shows that on November 28, 2009, Kimber'Lee Dawes and Elle Wallace left Dawes's apartment to go to a club with friends. As they pulled out of the apartment complex parking lot, they saw a man, later identified as Hubbard, sitting on the steps in the complex's common area with a bottle of liquor. When Dawes and Wallace returned to the complex at approximately 4:00 in the morning of the following day, they saw that Hubbard was still on the steps. As the women got out of their car, Hubbard, who appeared to be intoxicated and smelled of alcohol, approached them, blocking their access to the stairs leading to Dawes's apartment. Frightened, Dawes and Wallace got back in the car, locked the doors and began to drive away. As they did so, Hubbard followed them on foot, talking loudly and tapping on the car window.

The women called 911 to report the incident to police. A short time later, two officers arrived at the scene and found Hubbard still in the parking lot area. The officers observed that Hubbard appeared intoxicated, noting that he had a large bottle of liquor that was nearly empty and a can of beer, smelled of alcohol, had slurred speech and used profanity as they spoke with him. When the officers asked Hubbard what he was doing at that location, he told them that he lived in apartment 603. The officers then took Hubbard to apartment 603 and knocked on the door. Gregory Parker, who lives in the apartment, told the officers that Hubbard was a friend of his brother, but that he did not and never had lived there. The officers then placed Hubbard under arrest, and during a search incident to the arrest, found two plastic bags containing cocaine in his pants pocket.

"A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36 (a). Under the circum-

stances of this case, including Hubbard's presence for many hours on the steps of an apartment complex where he did not live, apparent intoxication, and harassment of two women returning to the complex at four in the morning, there was sufficient evidence from which a rational trier of fact could have found him guilty beyond a reasonable doubt of loitering. See *Blair v. State*, 216 Ga. App. 545, 547 (2) (455 SE2d 97) (1995); *McFarren v. State*, 210 Ga. App. 889, 890-891 (1) (437 SE2d 869) (1993).

2. Hubbard argues that the officers did not have probable cause to arrest him, and therefore all evidence seized incident to his arrest should have been suppressed. The argument is without merit.

> Whether the arrest was constitutionally valid depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the person suspected had committed or was committing an offense.

(Citation and punctuation omitted.) *Brown v. State*, 307 Ga. App. 797, 802-803 (2) (706 SE2d 170) (2011). As recounted above in Division 1, at the time of the arrest, the officers knew that at 4:00 in the morning Hubbard was intoxicated in the common area of an apartment complex, that he had untruthfully claimed to live in an apartment where he had never resided, and that two women had been unable to get out of their car and enter their apartment because of Hubbard's behavior. Given these circumstances, the officers had probable cause to suspect Hubbard of criminal conduct, including public drunkenness, OCGA § 16-11-41, and loitering, OCGA § 16-11-36. Accordingly, "[t]he trial court's findings concerning the existence of probable cause were not clearly erroneous, and [Hubbard's] motion to suppress was properly denied." (Citation omitted.) *Brown*, supra at 803 (2).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 14, 2011.

*Sharon L. Hopkins*, for appellant.
*Garry T. Moss, District Attorney, Shannon G. Wallace, Cliff Head, Assistant District Attorneys*, for appellee.