**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

April 21, 2014

# In the Court of Appeals of Georgia

A14A0244. SMITH v. THE STATE.

McFADDEN, Judge.

Mark Aaron Smith appeals from the trial court's order revoking his probation. It was revoked on the basis of findings that he had committed two new offenses: possession of illegal drugs and drug-related objects in Walton County and obstruction of an officer in Newton County by running from him. We granted his application for discretionary appeal and now reverse.

Smith contends that the evidence is insufficient to sustain the findings that he committed new offenses and therefore is insufficient to sustain the revocation. Evidence in probation revocation cases is measured, at the trial court level, by the preponderance of the evidence standard. *Wright v. State*, 297 Ga. App. 813, 816 (678

SE2d 506) (2009). We affirm if there is any evidence to support the trial court's findings. *Mullens v. State*, 289 Ga. App. 872 (658 SE2d 421) (2008).

As to the drug offenses the state acknowledges – to its credit – that the evidence established only "presence and spatial proximity" and therefore was insufficient to support the trial court's finding that Smith had committed the drug offenses.

As to obstruction, the evidence established that Smith was in a car traveling through a high-crime area. A police officer who noticed the car testified that one of the car's occupants looked at him "in a nervous manner." The officer followed the car "in case probable cause developed," but it did not. The car stopped, and Smith and another man got out and started walking. The officer pulled up near them, and they began to run. The officer pursued Smith's companion, commanding him to stop, and eventually caught him. The officer later determined that Smith was the other runner.

Our law distinguishes three tiers of encounters between police and citizens: "(1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be

supported by probable cause." *In the Interest of J. B.*, 314 Ga. App. 678, 680 (1) (725 SE2d 810) (2012) (citation and punctuation omitted).

The encounter between the police officer and Smith in this case was a first-tier encounter. "[N]ervousness . . . is insufficient to justify an investigative [second-tier] detention." *Dominguez v. State*, 310 Ga. App. 370, 375 (714 SE2d 25) (2011) (footnote omitted). Likewise, Smith's "mere presence in an area of suspected crime [was] not enough to support a reasonable, particularized suspicion that [he] was committing a crime. Moreover, [the] officer's feeling that [Smith was] acting in a suspicious way [did] not amount to a particularized and objective basis for suspecting him of criminal activity." *Ewumi v. State*, 315 Ga. App. 656, 661 (1) (727 SE2d 257) (2012) (citations and punctuation omitted). None of Smith's described activities "are crimes in and of themselves, nor are they enough to make an objective determination that [he] was about to be engaged in criminal activity." Id. (citation and punctuation omitted).

The defining characteristic of a first-tier encounter is the right of the citizen to terminate that encounter – even by running. See *Ewumi*, 315 Ga. App. at 658 (1); *Galindo-Eriza v. State*, 306 Ga. App. 19, 22-23 (1) (701 SE2d 516) (2010). The evidence that Smith ran from a first-tier encounter cannot support a finding that he

3

committed the offense of obstruction. *Ewumi*, 315 Ga. App. at 662-663 (1) (a). Because the state failed to present evidence that Smith committed a new offense, the trial court erred in revoking his probation. See *Wright*, 297 Ga. App. at 816-817.

*Judgment reversed. Andrews, P. J., and Ray, J., concur.*